UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL HARRISON, | No. 2:24-cv-1413 CSK P |
| Plaintiff, | |
| v. | ORDER |
| BIRTWELL, et al., | |
| Defendants. | |

Plaintiff, a federal inmate, filed this civil rights action pursuant to <u>Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics</u>, 403 U.S. 388 (1971). Plaintiff seeks leave to proceed in forma pauperis.

Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis is granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff is obligated to make monthly payments of twenty percent (20%) of the preceding month's income credited to plaintiff's trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time

1

the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

As discussed below, plaintiff's complaint is dismissed with leave to amend.

I. PLAINTIFF'S COMPLAINT

Plaintiff was housed at the Federal Correctional Institution, Herlong, at all times relevant herein. Plaintiff brings claims for monetary damages against defendants, federal Bureau of Prisons ("BOP") employees, in their individual capacities for violations of the federal Constitution. In his complaint, plaintiff alleges violations of his Fifth, Eighth and Fourteenth Amendment rights. (Id. at 1.) Specifically, plaintiff alleges he was wrongfully housed in the segregated housing unit ("SHU") for almost 16 months "for fabricated reasons" and "without disciplinary action." (ECF No. 1 at 10.) Plaintiff alleges he was provided no due process prior to or during such housing, and his lengthy placement in the SHU interfered with plaintiff's access to the courts and deprived him of outside exercise, adequate heat, a pillow, and visitors. Id. at 7-9. Further, plaintiff claims he was not visited daily by a health services staff member or examined or interviewed by mental health staff after his placement exceeded thirty days, as required by "28 C.F.R. § 541.32." (ECF No. 1 at 10.)

II. SCREENING STANDARDS

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th

1    Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir.
2    2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably
3    meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at
4    1227.
5           Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain
6    statement of the claim showing that the pleader is entitled to relief,' in order to 'give the
7    defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic
8    Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).
9    In order to survive dismissal for failure to state a claim, a complaint must contain more than "a
10   formulaic recitation of the elements of a cause of action;" it must contain factual allegations
11   sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555.
12   However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the
13   defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v.
14   Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal
15   quotations marks omitted). In reviewing a complaint under this standard, the court must accept as
16   true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the
17   pleading in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236
18   (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).
19   III.    LEGAL STANDARDS FOR BIVENS CLAIMS
20          Prisoners may bring claims under 42 U.S.C. § 1983 against state and local actors, but
21   section 1983 does not apply to federal actors, and there is no parallel statute governing
22   constitutional violations by federal actors. Ziglar v. Abbasi, 582 U.S. 120, 130 (2017); see
23   Harper v. Nedd, 71 F.4th 1181, 1184-85 (9th Cir. 2023). The Supreme Court has implied a
24   damages remedy for Constitutional violations against federal actors, which is referred to as a
25   Bivens claim. Ziglar, 582 U.S. at 130-31. The Supreme Court has recognized a Bivens claim in
26   only three contexts: (1) a Fourth Amendment claim based on a warrantless search in Bivens, 403
27   U.S. at 396-97; (2) a Fifth Amendment Due Process Clause claim against a Congressman for
28   employment gender discrimination in Davis v. Passman, 442 U.S. 228, 248-49 (1979); and (3) an

3

Eighth Amendment claim for failure to provide adequate medical care to a federal prisoner in Carlson v. Green, 446 U.S. 14, 19 (1980). Ziglar, 582 U.S. at 130-31.

The Supreme Court has not extended the Bivens remedy since Carlson, and has made clear that "expanding the Bivens remedy is now considered a disfavored judicial activity." Ziglar, 582 U.S. at 130 (citation omitted). In 2022, the Supreme Court further restricted Bivens claims by rejecting a Fourth Amendment claim excessive force claim. See Egbert v. Boule, 596 U.S. 482 (2022). Courts are expected to defer to "Congress' preeminent authority in this area." Id. at 492 (quoting Hernández v. Mesa, 589 U.S. 93, 100 (2020)). In Egbert, the Court refused to extend Bivens to a Fourth Amendment excessive force claim and a First Amendment retaliation claim against a U.S. Border Patrol agent "[b]ecause our cases have made clear that, in all but the most unusual circumstances, prescribing a cause of action is a job for Congress, not the courts." Egbert, 596 U.S. at 486. After Egbert, "rarely if ever is the Judiciary equally suited as Congress to extend Bivens even modestly." Mejia v. Miller, 61 F.4th 663, 669 (9th Cir. 2023).

To determine whether a Bivens claim is permitted, courts apply a two-step test. Hernandez, 589 U.S. at 102; Egbert, 596 U.S. at 492. First, the Court determines "whether the case presents a new Bivens context, -- i.e., is it meaningfully different from the three cases in which the [Supreme] Court has implied a damages action." Egbert, 596 U.S. at 492. For example,

> [a] case might differ in a meaningful way because of the rank of the officers involved; the constitutional right at issue; the generality or specificity of the official action; the extent of judicial guidance as to how an officer should respond to the problem or emergency to be confronted; the statutory or other legal mandate under which the officer was operating; the risk of disruptive intrusion by the Judiciary into the functioning of other branches; or the presence of potential special factors that previous Bivens cases did not consider.

Ziglar, 582 U.S. at 139-40. "A claim may arise in a new context even if it is based on the same constitutional provision as a claim in a case in which a damages remedy was previously recognized." Hernandez, 589 U.S. at 103.

Second, if a claim arises in a new context, no remedy under Bivens is available if there are "special factors counselling hesitation in the absence of affirmative action by Congress."

4

Hernandez, 582 U.S. at 553 (internal quotation marks and citation omitted). These two steps "often resolve to a single question: whether there is any reason to think that Congress might be better equipped to create a damages remedy." Egbert, 596 U.S. at 492.

## IV.     DISCUSSION

In order to determine whether plaintiff may bring his claims under Bivens, the Court addresses the two steps identified in Egbert.

### A.     Bivens Step One:  Context

In the instant action, the Court finds that all of plaintiff's claims arise in new contexts from those identified in Bivens, 403 U.S. at 396-97, Carlson, 446 U.S. at 19, and Davis, 442 U.S. at 248-49. See Egbert, 596 U.S. at 492-93; Ziglar, 582 U.S. at 139-40. The complaint alleges due process, First Amendment access to courts, Eighth Amendment medical claims, and various other alleged violations associated with plaintiff's SHU placement and retention (i.e., outside exercise, adequate heat, a pillow, and visitors).

#### 1.     Due Process Claims

Plaintiff alleges his due process rights were violated in connection with his placement and retention in the SHU for about 16 months, in violation of his Fifth and Fourteenth Amendment rights. However, plaintiff's due process claims arise under the Fifth, not the Fourteenth Amendment. Castillo v. McFadden, 399 F.3d 993, 1002 n.5 (9th Cir. 2005) ("The Fifth Amendment prohibits the federal government from depriving persons of due process by the several States.").

The Ninth Circuit has declined to find a Bivens remedy appropriate for a former prisoner's Fifth Amendment due process claim, finding the case was "different in a meaningful way from previous Bivens cases." Vega v. United States, 881 F.3d 1146, 1152 (9th Cir. 2018) (internal citation omitted); Harper, 71 F.4th at 1187 (finding new Bivens context in Fifth Amendment due process claim because claim involved a new category of defendants and alternative remedial scheme). As in Vega, plaintiff's alleged due process violations are not similar to the Fifth Amendment claim raised in Davis, 442 U.S. 228, an employment discrimination case based on gender. Rather, plaintiff alleges he was denied due process when

placed and retained in the SHU.  Because plaintiff's due process claims are meaningfully different from those raised in Davis, plaintiff's due process claims arise in a new context.  See, e.g., Cantu v. Moody, 933 F.3d 414, 422 (5th Cir. 2019) (explaining that Davis, 442 U.S. 228, does not hold that "the entirety of the Fifth Amendment's Due Process Clause is fair game in a Bivens action").

### 2. First Amendment Access to Courts Claim

Plaintiff's claim alleging interference with his access to the courts, a First Amendment violation, also presents a new context.  The Supreme Court has never recognized a Bivens remedy under the First Amendment.  See Reichle v. Howards, 566 U.S. 658, 663 n.4 (2012) (citing Ashcroft v. Iqbal, 556 U.S. 662, 675 (2009)); Bush v. Lucas, 462 U.S. 367, 368 (1983) (declining to "authorize a new nonstatutory damages remedy for federal employees whose First Amendment rights are violated by their superiors.").  The Ninth Circuit has also declined to recognize a Bivens remedy under the First Amendment.  Schwarz v. Meinberg, 761 F. App'x 732, 734-35 (9th Cir. 2019) (finding denial of access to courts claim was a "new Bivens context" and declining to extend private right of action); Vega, 881 F.3d at 1152 (citing Reichle for the proposition that a Bivens remedy has never been recognized for a First Amendment claim).[1]

### 3. Eighth Amendment Medical Claims

As for his Eighth Amendment medical claims, plaintiff's allegations that he was not visited by medical or mental health staff while he was in the SHU fail to state cognizable deliberate indifference claims.  Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (prisoner must demonstrate that defendant was deliberately indifferent to plaintiff's serious medical needs.) Plaintiff identifies no serious medical or mental health needs and does not identify a defendant who was deliberately indifferent to such needs.

In addition, plaintiff's Eighth Amendment medical claims differ significantly from those alleged in Carlson, where federal prison officials failed to provide medical treatment for the

---

[1] The Court notes that in order to state a cognizable access to the courts claim, a prisoner must show that he suffered an "actual injury" by being shut out of court.  Lewis v. Casey, 518 U.S. 343, 350-51 (1996).  Plaintiff concedes he sustained no actual injury to his pending 28 U.S.C. § 2255 motion as a result of the alleged impaired access.  (ECF No. 1 at 6.)

inmate's serious medical needs for hours after the inmate suffered an asthma attack, and when treatment was provided, prison officials used a broken respirator and administered antipsychotic medication, leading to respiratory arrest and the inmate's death. See Carlson, 446 U.S. at 16; Green v. Carlson, 581 F.2d 669, 671 (7th Cir. 1978). Again, the complaint does not allege any serious medical or mental health needs. Therefore, the Eighth Amendment medical claims present a new context than Carlson.

### 4. Other Allegations

None of the other alleged violations associated with plaintiff's SHU placement and retention (i.e., outside exercise, adequate heat, a pillow, and visitors) are similar to the narrow claims presented in Bivens, Carlson or Davis. (See ECF No. 1 at 7-9.)

Because the Supreme Court has not extended a Bivens remedy to the facts presented in plaintiff's complaint, plaintiff's claims present new contexts under Bivens. Thus, the Court turns to the second step.

### B. Bivens Step Two: Special Factors

Because the allegations in plaintiff's complaint present new contexts under Bivens, the Court must determine whether any special factors preclude the extension of Bivens. To do so, this Court must address "whether there is any rational reason (even one) to think that Congress is better suited to 'weigh the costs and benefits of allowing a damages action to proceed.'" Egbert, 596 U.S. at 496 (citation omitted). Applying Egbert to plaintiff's allegations, the Court finds that a Bivens remedy should not be extended here. First, extending Bivens to plaintiff's claims "would create a broad new source of liability for prison officials," and "[t]his alone is enough to place it beyond the purview of the courts to create a remedy, because courts may not 'independently assess the costs and benefits of implying a cause of action.'" Chambers v. Herrera, 78 F.4th 1100, 1106 (9th Cir. 2023) (quoting Egbert, 596 U.S. at 496).

Second, a Bivens remedy is foreclosed because there is an alternative remedial structure in place. Egbert, 596 U.S. at 493; Mejia, 61 F.4th at 667. In this case, the government has provided an alternative remedial structure for plaintiff's claims. The BOP Administrative Remedy Program qualifies as an alternative remedy. See Correctional Servs. Corp. v. Malesko, 534 U.S.

61, 74 (2001) ("Inmates in respondent's position also have full access to remedial mechanisms established by the BOP, including . . . grievances filed through the BOP's Administrative Remedy Program."). "In Malesko, we explained that Bivens relief was unavailable because federal prisoners could, among other options, file grievances through an Administrative Remedy Program." Egbert, 596 U.S. at 497 (internal quotation marks omitted); see Hoffman v. Preston, 2022 WL 6685254, at *1 (9th Cir. Oct. 11, 2022) (finding Bivens remedy unavailable because Congress had not authorized a damages remedy and there were rational reasons why Congress might not authorize such a remedy, noting the "existence of the [BOP's] formal review process for inmate complaints"); Camillo-Amisano v. Fed. Bureau of Prisons, 2023 WL 2658742, at *1 (9th Cir. Mar. 28, 2023) (affirming district court's dismissal with prejudice of a federal prisoner's complaint under 28 U.S.C. § 1915A where complaint alleged new Bivens context and BOP's Administrative Remedy Program provided federal prisoner with an alternative remedial structure, establishing a special factor that foreclosed a Bivens remedy after Egbert). Thus, plaintiff's claims are foreclosed by the BOP's Administrative Remedy Program.[2]

C. Conclusion

Plaintiff's allegations arise in new contexts and therefore may not be asserted under Bivens. In addition, special factors counsel against recognizing new Bivens claims in such contexts because to do so would broaden federal prison officials' liability, and plaintiff has an alternative remedy under the BOP Administrative Remedy Program. Thus, plaintiff's complaint must be dismissed.

V. LEAVE TO AMEND

Because extending Bivens is a "disfavored judicial activity," Ziglar, 582 U.S. at 135, it is unlikely plaintiff can amend his complaint to state a cognizable claim under Bivens. However, in an abundance of caution, plaintiff is granted leave to file an amended complaint. If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions about which he

---

[2] Such foreclosure applies even if the alternative remedial structure does not afford plaintiff a right to participate or provide for damages or judicial review. Egbert, 596 U.S. at 498. "[T]he question whether a given remedy is adequate is a legislative determination that must be left to Congress, not the federal courts." Id.

complains resulted in a deprivation of plaintiff's constitutional rights. See, e.g., West v. Atkins, 487 U.S. 42, 48 (1988). Also, the complaint must allege in specific terms how each named defendant is involved. Rizzo v. Goode, 423 U.S. 362, 371 (1976). There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo, 423 U.S. at 371; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980). Furthermore, vague, and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This requirement exists because, as a general rule, an amended complaint supersedes the original complaint. See Ramirez v. County of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) ("an 'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'" (internal citation omitted)). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 6) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Warden of Federal Correctional Institution, Lompoc II, filed concurrently herewith.

3. Plaintiff's complaint is dismissed.

4. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

    a. The completed Notice of Amendment; and

    b. An original of the Amended Complaint.

Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the

Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must also bear the docket number assigned to this case and must be labeled "Amended Complaint." Failure to file an amended complaint in accordance with this order may result in the dismissal of this action.

Dated: August 5, 2024

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

/1/harr1413.Bivens.14n

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL DAVID HARRISON,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>BIRTWELL, et al.,<br><br>　　　　　Defendants. | No. 2:24-cv-1413 CSK P<br><br><br>NOTICE OF AMENDMENT |

　　Plaintiff submits the following document in compliance with the court's order filed on _____ (date).

☐　　Amended Complaint

　　(Check this box if submitting an Amended Complaint)

DATED:

_____
Plaintiff

1