UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL HARRISON,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>BIRTWELL, et al.,<br><br>　　　　　Defendants. | No. 2:24-cv-1413 CSK P<br><br><br>ORDER |

Plaintiff, a federal inmate, proceeds in forma pauperis with this civil rights action pursuant to Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971). Plaintiff seeks to stay this action pending his transfer to a new prison and receipt of his legal documents so that he may file an amended complaint. As discussed below, plaintiff's motion for stay is denied without prejudice, and he is granted sixty days in which to file an amended complaint.

I.　　BACKGROUND

　　　　This action was filed on May 17, 2024. (ECF No. 1.) On August 5, 2024, plaintiff's complaint was dismissed with leave to amend within thirty days. (ECF No. 8.) Plaintiff failed to timely file an amended complaint. On September 12, 2024, the Court recommended that this action be dismissed, and ordered plaintiff to file objections within fourteen days. (ECF No. 10.) Fourteen days passed, and plaintiff did not file objections. However, on October 28, 2024,

1

1  plaintiff's motion for stay, signed October 23, 2024, was filed on the docket.  (ECF No. 12.)
2  Plaintiff claims that he was unable to file his amended complaint because the law library was
3  closed until August 26, 2024.  (Id. at 1.)  However, on August 25, 2024, plaintiff went to the
4  Special Housing Unit ("SHU") and "did not have access to the items needed to file his amended
5  complaint."  (Id.)  Plaintiff claims he is awaiting transfer to an unknown prison on an unknown
6  date and is unable to comply with the Court's order until he arrives at the new prison.  He adds
7  that he had intended to file objections to the pending findings and recommendations "since he
8  was in SHU but could not without supplies."  (Id.)  Plaintiff requests that the Court stay this
9  action until he arrives at the new prison, receives his legal documents, and notifies the Court that
10 he is in a position to proceed with this case.  (Id. at 2.)

II.     STANDARDS

"[T]he decision to grant a stay . . . is 'generally left to the sound discretion of district courts.'"  Ryan v. Gonzales, 568 U.S. 57, 74 (2013) (quoting Schriro v. Landrigan, 550 U.S. 465, 473 (2007)).  However, "[t]he proponent of a stay bears the burden of establishing its need," and issuing a stay without taking any account of the nonmovant's interests in proceeding can be an abuse of discretion.  Clinton v. Jones, 520 U.S. 681, 708 (1997).  In determining whether to stay proceedings, courts generally "consider[] the following factors:  (1) judicial economy; (2) the moving party's hardship; and (3) potential prejudice to the non-moving party."  Single Chip Sys. Corp. v. Intermec IP Corp., 495 F. Supp. 2d 1052, 1057 (S.D. Cal. 2007).

III.    DISCUSSION

Some judicial economy would be served by staying the case for a period of time to prevent the necessity of repeated extensions of time and the possibility that plaintiff would not timely respond to court orders, requiring additional work on the part of the Court.  Plaintiff has twice failed to timely respond to court orders, so it is likely to occur again.

Plaintiff claims his housing in the SHU prevents him from filing an amended complaint, but plaintiff fails to provide specific details as to what he needs to complete the amended complaint.  The screening order provided plaintiff with the standards governing claims brought by federal inmates under Bivens, and explained how the Supreme Court has restricted Bivens

claims. (ECF No. 8 at 4 (citing Ziglar v. Abbasi, 582 U.S. 120, 130-31 (2017).) Plaintiff does not indicate whether or not FCI Lompoc has paging or other procedures that might facilitate plaintiff filing his amended complaint while he is housed in the SHU. In addition, it is unclear how long plaintiff will be held in the SHU; indeed, in his original complaint, plaintiff alleged he had been held in the SHU at a prior prison for almost 16 months. (ECF No. 1 at 10.) This Court is not inclined to stay this action for such a lengthy period. Plaintiff does not explain why he was sent to the SHU or identify his placement in the SHU as either administrative or disciplinary, which might assist the Court in determining how long plaintiff may be so confined, as well as what limits are placed on plaintiff's access to his property. Plaintiff has been held in the SHU since August 26, 2024, and absent details concerning such housing, the Court is unable to evaluate the extent of plaintiff's hardship.

Further, because the complaint was dismissed, it is unclear who plaintiff anticipates naming as defendants in any amended complaint, making it difficult to ascertain prejudice to putative defendants. Of course, lengthy delays would prejudice defendants as memories fade and documents can be lost.

The Court finds that plaintiff has failed to meet his burden in demonstrating the need for a stay. Thus, plaintiff's motion is denied without prejudice to its renewal upon a proper showing. In the meantime, the findings and recommendations are vacated, and plaintiff is granted sixty days from the date of this order to file an amended complaint.

Plaintiff is cautioned that as a pro se litigant it is his responsibility to meet court deadlines and, if unable to do so, seek an extension of time before the deadline expires. Failure to timely respond to this order will result in a recommendation that this action be dismissed. Fed. R. Civ. P. 41(b).

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations (ECF No. 10) are vacated;
2. Plaintiff's motion for stay (ECF No. 12) is denied without prejudice;
3. Plaintiff is granted sixty days from the date of this order to file an amended complaint that complies with the August 5, 2024 screening order (ECF No. 8); and

4. The Clerk of the Court is directed to send plaintiff a copy of the August 5, 2024 screening order (ECF No. 8), and the form for filing a civil rights complaint by a prisoner.

Dated: November 6, 2024

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

/1/harr1413.Bivens.stayd